**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4164**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ZWEDE Y. SMITH, a/k/a Zwede Yohannes Smith,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:13-cr-00134-REP-1)

Submitted:  August 29, 2014          Decided:  September 15, 2014

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zwede Y. Smith appeals his conviction after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Smith filed a motion to suppress evidence found during a search of the backpack he was carrying when approached by police officers at the bus station. The district court denied the motion. On appeal, Smith challenges only the district court's denial of his motion to suppress. We affirm.

Smith argues first that Terry v. Ohio, 392 U.S. 1 (1968), does not allow for a full search of an item incident to a Terry detention, rather it permits only a frisk or patdown—a limited search for weapons or evidence that may be destroyed. In the alternative, he argues that there was no reasonable suspicion to support the detention and that a reasonable person would not have felt free to leave when the officers first approached, thus he was seized when the officers first approached him at the front of the bus. The Government argues that once Smith sprinted away from the officers, they had reasonable suspicion to believe that he was armed and were justified in searching the backpack to determine whether it contained a weapon or contraband.

We review the district court's factual findings regarding the motion to suppress for clear error, and the

court's legal conclusions de novo. United States v. Burgess, 684 F.3d 445, 452 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012); United States v. Edwards, 666 F.3d 877, 882 (4th Cir. 2011). When, as here, a motion to suppress has been denied, we view the evidence presented in the light most favorable to the government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). The court also "defer[s] to the district court's credibility findings, as it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Griffin, 589 F.3d 148, 150-51 n.1 (4th Cir. 2009) (internal quotation marks omitted). In general, we apply a "particularly strong clear error standard to factual determinations when they are based on oral testimony." United States v. Lattimore, 87 F.3d 647, 650–51 (4th Cir. 1996).

We have reviewed the joint appendix, including the district court's order denying the motion to suppress, and the parties' briefs. Finding no error in the district court's determination that the search of Smith's backpack was lawful, we affirm on the reasoning of the district court. United States v. Smith, No. 3:13-cr-00134-REP-1 (E.D. Va. Dec. 30, 2013).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED